IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KETANKUMAR CHAUDHARI a/k/a KEN, RASHMI SAMANI a/k/a FALGUNI SAMANI, AMIT P. CHAUDHARI, AMIT B. CHAUDHARI a/k/a MATT, and MAHESHKUMAR CHAUDHARI a/k/a MAHESH,<br><br>Defendants. | 4:25CR3071<br><br>JOINT MOTION FOR INTERLOCUTORY SALE OF SUBJECT PROPERTY |

COMES NOW the Plaintiff, United States of America, Ketankumar Chaudhari a/k/a Ken and Rashmi Samani a/k/a Falguni Samani, (collectively "the parties") and move pursuant to 21 U.S.C. § 853(e)(1)(A) and Federal Rule of Criminal Procedure 32.2(b)(7), for an order authorizing the immediate interlocutory sale of the subject property commonly known as 2306 N. 182nd Avenue, Elkhorn, Nebraska 68022 and legally described as:

Lot 83, Bluestem Meadows, a subdivision in Douglas County, Nebraska.

(the subject property). In support of this motion, the government states:

1. The subject property is owned by Defendants, KETANKUMAR CHAUDHARI a/k/a KEN AND RASHMI SAMANI a/k/a FALGUNI SAMANI.

2. On August 19, 2025, an Indictment was filed in this case (Filing No. 67), charging Defendants with three counts of violating 18 U.S.C. §§ 1591(a) and 2, four counts of violating 21 U.S.C. 856(a)(2), three counts of violating 18 U.S.C. §§ 1594(b) and 1581(a), one count of violating 8 U.S.C. § 1324(a)(I)(A)(v)(I), seven counts of violating 8 U.S.C. § 1324(a)(l)(A)(iii),

four counts of violating 8 U.S.C. § 1324(a)(l)(A)(ii), one count of violating 18 U.S.C. § 357, and one count of violating 18 U.S.C. §§ 1546(a) and 2.

3. The subject property is listed in the Forfeiture Allegation of the Indictment and is subject to forfeiture as proceeds of the charged offenses.

4. The Defendants, KETANKUMAR CHAUDHARI a/k/a KEN AND RASHMI SAMANI a/k/a FALGUNI SAMANI, hereby consent to the private sale of the subject property and that the proceeds of the sale be applied as set forth below.

**Subject Property**

The subject property is referenced in the Forfeiture Allegation of the Indictment at page 22, paragraph e, and some or all of the subject property is subject to forfeiture if the United States obtains convictions against Defendants. The United States previously filed a *lis pendens* that has created a cloud on the title of the subject property.

The following Deeds of Trust are recorded on the subject property:

1. Deed of Trust ("Deed of Trust") in the original principal amount of $460,626.00 recorded on June 7, 2023, with the Douglas County, Nebraska Register of Deeds as Instrument No. 2023040005. First National Bank of Omaha is the Lender and Trustee under this Deed of Trust.

The subject property is vacant and at-risk for break-ins and vandalism.

The United States will not actively participate in the sale of the subject property, including the escrow process. However, the parties agree that any proposed sale needs to be approved by the United States Attorney's Office for the District of Nebraska and the Federal Bureau of Investigation to confirm the proposed sales contract is reasonable and the sale represents fair market value. Ordinarily, an offer to purchase requires an acceptance within 3 to 5 business days.

Accordingly, the sellers' agents, Dami Oluyole and Rusty Johnson shall promptly email all offers to the United States Attorney's Office for the District of Nebraska and the Federal Bureau of Investigation to a person within each agency to be identified by the government after the entry of this Order. The United States Attorney's Office for the District of Nebraska and the Federal Bureau of Investigation shall respond promptly with its approval or rejection of each offer however, if the District of Nebraska and the Federal Bureau of Investigation do not respond within 5 business days, then Defendants, KETANKUMAR CHAUDHARI a/k/a KEN AND RASHMI SAMANI a/k/a FALGUNI SAMANI will have sole discretion whether or not to accept the offer. After approval of the sale and as part of the escrow, the United States agrees to dismiss its *lis pendens* filed on the subject property. From the proceeds of sale, the escrow company that conducts the closing may deduct ordinary expenses incident to closing, including the payment of taxes, commissions, and liens as discussed in more detail *infra*. The balance of the sales price, net of the foregoing expenses, shall be transferred to the United States Marshals Service for retention in the Seized Asset Deposit Fund where it shall serve as substitute res in lieu of the subject property.

**Legal Standard**

Pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, "the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." In addition, Rule G(7)(b)(i) of the Federal Rules of Civil Procedure states that the court has the authority to order the interlocutory sale of property subject to forfeiture if the Court finds that: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good

cause. The Court also has authority to enter an interlocutory sale order under 21 U.S.C. § 853(e)(1), which authorizes the court to "take any ... action to preserve the availability of property" subject to forfeiture.

In order to maximize the value that can be obtained for the subject property, for the benefit of all parties, and to minimize the amount of interest and ongoing fees and taxes accumulating, the United States and Defendants, KETANKUMAR CHAUDHARI a/k/a KEN and RASHMI SAMANI a/k/a FALGUNI SAMANI believe it is in the best interest of all parties to allow a private sale of the subject property to take place, using a licensed real estate broker, and have the net proceeds, after payment of the expenses and secured debt identified below, deposited in the United States Marshals Service's Seized Asset Deposit Fund.

The net proceeds will consist of all funds generated by the sale of the subject property after the payment of customary and ordinary closing costs, including all realtor's fees and/or commissions not to exceed six percent (6%) of the gross sale price, all amounts due and owing under Deed of Trust as specified below. The following amounts owed will be paid from the gross proceeds from the sale of the subject property:

1. Unpaid principal balance of $458,777.97.
2. ½ Title Insurance & Endorsements: $1,026.88
3. Broker Flat Fee: $695.00
4. Real Estate Commission: $32,100.00
5. Settlement or Closing Fee: $390.00
6. Lien Release Tracking Fee: $35.00
7. Transfer Taxes: $1,241.20
8. HOA dues: $1,620.00

    9.   HOA Verification Fee: $370.80

The net proceeds shall then be deposited in an interest-bearing account controlled by the United States Marshals Service and shall stand as substitute *res* for the subject property until final disposition of this case.  Upon receipt of the net proceeds, the United States shall make no further claim against the subject property. Any and all claims to, arising from, or secured by, the subject property shall, after the sale of the subject property, be applied to, and payable, if at all, solely from, the substitute *res*.

WHEREFORE, the parties request an Order for Interlocutory Sale of the Subject Property identified as being subject to Forfeiture, and for Substitute Res and allowing the net proceeds resulting from such sale to be deposited in an interest-bearing account controlled by the United States Marshals Service.

UNITED STATES OF AMERICA,
Plaintiff

LESLEY A. WOODS
United States Attorney

By:   s/ Kimberly C. Bunjer
       KIMBERLY C. BUNJER, #20962
       Assistant U.S. Attorney
       1620 Dodge Street, Suite 1400
       Omaha, NE  68102-1506
       Tel:  (402) 661-3700
       E-mail:  kim.bunjer@usdoj.gov

        KETANKUMAR CHAUDHARI a/k/a KEN and RASHMI SAMANI a/k/a FALGUNI SAMANI

By:   s/ Damiola Oluyole
      DAMIOLA OLUYOLE, #25149
      Yole Law P.C., L.L.O.
      7930 Blondo Street, #100
      Omaha, Nebraska 68134
      Tel: (402) 915-9360
      E-mail: dammy@yolelaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on November 21, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the Parties of record.

      s/ Kimberly C. Bunjer
      KIMBERLY C. BUNJER
      Assistant U.S. Attorney