IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KETANKUMAR CHAUDHARI a/k/a KEN,<br>RASHMI SAMANI a/k/a FALGUNI<br>SAMANI, AMIT P. CHAUDHARI,<br>AMIT B. CHAUDHARI a/k/a MATT, and<br>MAHESHKUMAR CHAUDHARI a/k/a<br>MAHESH,<br>    Defendants. | 4:25CR3071<br><br><br>JOINT MOTION FOR<br>INTERLOCUTORY SALE OF SIX<br>VEHICLES |

COMES NOW the Plaintiff, United States of America, Ketankumar Chaudhari a/k/a Ken and Rashmi Samani a/k/a Falguni Samani (collectively "the parties") and move pursuant to 21 U.S.C. § 853(e)(1)(A) and Federal Rule of Criminal Procedure 32.2(b)(7), for an order authorizing the interlocutory sale of vehicles subject to forfeiture in this criminal case. In support of this motion, the United States advises the Court the following:

    1.    On August 19, 2025, an Indictment was filed in this case (Filing No. 67), charging Defendants with three counts of violating 18 U.S.C. §§ 1591(a) and 2, four counts of violating 21 U.S.C. 856(a)(2), three counts of violating 18 U.S.C. §§ 1594(b) and 1581(a), one count of violating 8 U.S.C. § 1324(a)(I)(A)(v)(I), seven counts of violating 8 U.S.C. § 1324(a)(l)(A)(iii), four counts of violating 8 U.S.C. § 1324(a)(l)(A)(ii), one count of violating 18 U.S.C. § 357, and one count of violating 18 U.S.C. §§ 1546(a) and 2.

    2.    The six vehicles listed in Attachment A are listed in the Forfeiture Allegation of the Indictment and are subject to forfeiture as proceeds or by virtue of being involved in, used, or intended to be used to commit or to facilitate the commission of the charged offenses.

1

3. Attachment A lists six vehicles that were seized on or about August 12, 2025. The vehicles are in the possession of the United States and in the care and custody of the United States Marshals Service (USMS).

4. Care and custody of the vehicles accrues considerable maintenance and storage costs. The vehicles also continue to diminish in value with the passage of time. Thus, the parties seek the Court's approval to convert all the vehicles listed in Attachment A to cash by way of interlocutory sale to maintain and preserve the equity in the vehicles.

**Legal Standard**

5. Pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, "the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." In addition, Rule G(7)(b)(i) of the Federal Rules of Civil Procedure states that the court has the authority to order the interlocutory sale of property subject to forfeiture if the Court finds that: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause. The Court also has authority to enter an interlocutory sale order under 21 U.S.C. § 853(e)(1), which authorizes the court to "take any ... action to preserve the availability of property" subject to forfeiture.

6. Pursuant to Rule G(7)(b)(ii), the sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person that the court designates.

7.  Pursuant to Rule G(7)(b)(iii), if the sale is uncontested, the parties may agree to the procedures and conditions of the sale.

8.  When the sale is made, the sale proceeds will be considered "substitute res" subject to forfeiture in place of the property that was sold, and the proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action. Rule G(7)(b)(iv). If at the resolution of the criminal case the court orders the forfeiture of the sale proceeds, the property will be disposed of as provided by law. Rule G(7)(c).

9.  According to Ms. Falyn Rowell, the USMS District Asset Forfeiture Coordinator, as of November 20, 2025, the storage cost for the six vehicles totaled $3,700.05. The total storage costs are accruing at an approximate rate of $1,620.00 per month.

10. Ms. Rowell has also advised that one of the vehicles required a battery replacement for a total expense of $225.00.

11. The six vehicles are depreciating in value as they become older, and their care and custody causes the United States to incur daily storage and maintenance costs.

12. To protect the equity value of these vehicles, and prevent further loss due to depreciation and costs of storing and maintaining them, the United States requests an interlocutory sale of the six vehicles listed in Attachment A.

13. Conversion of these items to cash via sale will preserve the value of the property for the benefit of the United States as well as the Defendants, should they be acquitted in the criminal case. At present, no trial date has been set for the Defendants, and it would be in the interest of justice for the Court to order the interlocutory sale of the vehicles listed in Attachment A.

14. Upon receipt of the net proceeds, the United States shall make no further claim against the vehicles.

15. Any and all claims to, arising from, or secured by, the vehicles shall, after the sale of the vehicles, be applied to, and payable, if at all, solely from, the substitute *res*.

WHEREFORE, the parties request an Order for Interlocutory Sale of the six vehicles listed in Attachment A and for Substitute Res and allowing the net proceeds resulting from such sale to be deposited in an interest-bearing account controlled by the United States Marshals Service.

        UNITED STATES OF AMERICA,
        Plaintiff

        LESLEY A. WOODS
        United States Attorney

By:   s/ Kimberly C. Bunjer
       KIMBERLY C. BUNJER, #20962
       Assistant U.S. Attorney
       1620 Dodge Street, Suite 1400
       Omaha, NE  68102-1506
       Tel:  (402) 661-3700
       E-mail:  kim.bunjer@usdoj.gov

        KETANKUMAR CHAUDHARI a/k/a KEN
        and RASHMI SAMANI a/k/a FALGUNI
        SAMANI

By:   s/ Damiola Oluyole
       DAMIOLA OLUYOLE, #25149
       Yole Law P.C., L.L.O.
       7930 Blondo Street, #100
       Omaha, Nebraska 68134
       Tel:  (402) 915-9360
       E-mail:  dammy@yolelaw.com

          KETANKUMAR CHAUDHARI a/k/a KEN

By:    s/ Thomas M. Petersen
        THOMAS M. PETERSEN, #20622
        Petersen Law Offices
        11930 Arbor Street, Suite 201
        Omaha, Nebraska 68144
        Tel: (402) 393-8080
        E-mail: tpetersen@plollc.com


        RASHMI SAMANI a/k/a FALGUNI SAMANI

By:    s/ Renee L. Mathias
        RENEE L. MATHIAS, #23040
        Shapiro Riha Law, LLP
        1001 Farnam Street, Third Floor
        Omaha, Nebraska 68102
        Tel: (402) 341-0700
        E-mail: rmathias@theomahalawyers.com


CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on January 29, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the Parties of record.

        s/ Kimberly C. Bunjer
        KIMBERLY C. BUNJER
        Assistant U.S. Attorney