IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2026 FEB 18 PM 1:59

OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KETANKUMAR CHAUDHARI, a/k/a Ken,<br>RASHMI SAMANI, a/k/a Rashmi<br>AMIT P. CHAUDHARI,<br>AMIT B. CHAUDHARI, a/k/a Matt,<br>MAHESHKUMAR CHAUDHARI, a/k/a<br>Mahesh,<br>HINABEN CHAUDHARI, and<br>JAYESHKUMAR CHAUDHARI<br>Defendants. | **S E A L E D**<br><br>4:25CR3071<br><br>SUPERSEDING INDICTMENT<br>18 U.S.C. § 2<br>18 U.S.C. § 1591(a)(1), (a)(2), (b)(2)<br>18 U.S.C. § 1594(a)<br>21 U.S.C. § 856(a)(2)<br>18 U.S.C. § 1594(b)<br>18 U.S.C § 1589(a), (d)<br>8 U.S.C. § 1324(a)(I)(A)(v)(I)<br>8 U.S.C. § 1324(a)(I)(A)(ii)<br>8 U.S.C. § 1324(a)(I)(A)(iii)<br>18 U.S.C. § 371<br>18 U.S.C. § 1546(a)<br>18 U.S.C. § 1956(h) |

The Grand Jury charges that

## **INTRODUCTION**

1.     Ketankumar Chaudhari, a/k/a Ken purports to be married to Rashmi Samani, a/k/a Falguni Samani. Together, the two of them own and manage multiple businesses, notably hotels and brow salons, with the assistance of others. Specifically, they are assisted by Amit P. Chaudhari, purported to be Rashmi Samani's brother, and Amit B. Chaudhari a/k/a Matt, purported to be Ketankumar Chaudhari's brother. Maheshkumar Chaudhari a/k/a Mahesh, is also involved in the activities and criminal acts alleged herein.

2.     Specifically, Ketankumar Chaudhari and Rashmi Samani own the following hotels:

a.     A hotel formerly branded as the Super 8 and currently known as the "Inn and Suites," located at 9305 S. 145th Street in Omaha, Nebraska (hereinafter Inn and

1

Suites). The hotel was purchased on March 8, 2019, by Ketankumar Chaudhari and Rashmi Samani, through a limited liability corporation (LLC);

b. A hotel known as the New Victorian Inn and Suites, located at 10728 L St. Omaha, Nebraska (hereinafter the New Victorian). The hotel was purchased on April 9, 2021, by Ketankumar Chaudhari and Rashmi Samani through an LLC;

c. A hotel known as the Rodeway Inn, located at 1110 Fort Crook Rd. S. Bellevue, Nebraska (hereinafter Rodeway). The hotel was purchased on March 10, 2023, by Ketankumar Chaudhari and Rashmi Samani through the an LLC;

d. A hotel formerly branded as the AmericInn, located at 2920 S. 13th Court in Omaha, Nebraska (hereinafter AmericInn). The hotel was purchased on June 15, 2023, by Ketankumar Chaudhari and Rashmi Samani through an LLC.

3.    Ketankumar Chaudhari and Rashmi Samani also own several brow, and brow and lash salons. These are located in various strip malls (602 S. 72nd Street and 3316 N 108th Street in Omaha, Nebraska ), in Oakview Mall in Omaha, Nebraska, and three locations in Westroads Mall in Omaha, Nebraska.

4.    Ketankumar Chaudhari and Rashmi Samani play a role in the management and day-to-day operation of the hotels and salons. Amit P. Chaudhari does as well. Amit B. Chaudhari and Maheshkumar Chaudhari both started in management and day-to-day operations in the Omaha based businesses but have since been relocated to other areas to continue the schemes outlined below.

5.    All of the hotel properties are monitored by surveillance camera systems, which are monitored and viewable by Ketankumar Chaudhari, Rashmi Samani, and the managers of the hotels.

6.     Ketankumar Chaudhari, Rashmi Samani, Amit P. Chaudhari, Amit B. Chaudhari and Maheshkumar Chaudhari use labor trafficking, often of illegal aliens, to staff their businesses. These illegal aliens are transported to the Nebraska hotels at the direction of the conspirators, are harbored in the hotels, and are often transported to and from the hotels and brow salons for labor by conspirators. Additionally, the conspirators profit from the illegal activities, specifically sex trafficking and drug use and distribution that take place at the hotel properties.

## COUNT I

7.     Beginning on an unknown date, but from at least on or about February 1, 2022, and continuing through on or about June 27, 2022, in the District of Nebraska and elsewhere, the defendants, Ketankumar Chaudhari, a/k/a Ken, Rashmi Samani, a/k/a Falguni Samani, Amit P. Chaudhari, and Amit B. Chaudhari, a/k/a Matt, aiding and abetting each other and others whose identities are known by the Grand Jury, in and affecting interstate and foreign commerce, (1) did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means, and attempted to do so, MINOR VICTIM 1, knowing and in reckless disregard of the fact that MINOR VICTIM 1 had not yet attained the age of 18 years, and having had a reasonably opportunity to observe MINOR VICTIM 1, and that MINOR VICTIM 1 would be caused to engage in a commercial sex act; and (2) did knowingly benefit, financially and by receiving anything of value, from participation in a venture which had engaged in knowingly recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means MINOR VICTIM 1, knowing and in reckless disregard of the fact that MINOR VICTIM 1 had not yet attained the age of 18 years and having had a reasonable opportunity to

3

observe MINOR VICTIM 1, and that MINOR VICTIM 1 would be caused to engage in a commercial sex act.

In violation of Title 18, United States Code, Sections 1591(a)(1), (a)(2), (b)(2), 1594(a); and 2.

## COUNT II

8.    Beginning on an unknown date, but from at least on or about December 16, 2024, and continuing through on or about January 7, 2025, in the District of Nebraska and elsewhere, the defendants, Ketankumar Chaudhari, a/k/a Ken, Rashmi Samani, a/k/a Falguni Samani, Amit P. Chaudhari, and Amit B. Chaudhari, a/k/a Matt, aiding and abetting each other and others whose identities are known by the Grand Jury, in and affecting interstate and foreign commerce, (1) did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means, and attempted to do so, MINOR VICTIM 2, knowing and in reckless disregard of the fact that MINOR VICTIM 2 had not yet attained the age of 18 years, and having had a reasonably opportunity to observe MINOR VICTIM 2, and that MINOR VICTIM 2 would be caused to engage in a commercial sex act; and (2) did knowingly benefit, financially and by receiving anything of value, from participation in a venture which had engaged in knowingly recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means MINOR VICTIM 2, knowing and in reckless disregard of the fact that MINOR VICTIM 2 had not yet attained the age of 18 years and having had a reasonable opportunity to observe MINOR VICTIM 2, and that MINOR VICTIM 2 would be caused to engage in a commercial sex act.

In violation of Title 18, United States Code, Sections 1591(a)(1), (a)(2), (b)(2), 1594(a); and 2.

## COUNT III

9.    Beginning on an unknown date, but from at least on or about December 16, 2024, and continuing through on or about January 7, 2025, in the District of Nebraska and elsewhere, the defendants, Ketankumar Chaudhari, a/k/a Ken, Rashmi Samani, a/k/a Falguni Samani, Amit P. Chaudhari, and Amit B. Chaudhari, a/k/a Matt, aiding and abetting each other and others whose identities are known by the Grand Jury, in and affecting interstate and foreign commerce, (1) did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means, and attempted to do so, MINOR VICTIM 3, knowing and in reckless disregard of the fact that MINOR VICTIM 3 had not yet attained the age of 18 years, and having had a reasonably opportunity to observe MINOR VICTIM 3, and that MINOR VICTIM 3 would be caused to engage in a commercial sex act; and (2) did knowingly benefit, financially and by receiving anything of value, from participation in a venture which had engaged in knowingly recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means MINOR VICTIM 3, knowing and in reckless disregard of the fact that MINOR VICTIM 3 had not yet attained the age of 18 years and having had a reasonable opportunity to observe MINOR VICTIM 3, and that MINOR VICTIM 3 would be caused to engage in a commercial sex act.

In violation of Title 18, United States Code, Sections 1591(a)(1), (a)(2), (b)(2), 1594(a); and 2.

## COUNT IV

10.     Between on or about January 1, 2021 and August 12, 2025, in the District of Nebraska, the defendants, Ketankumar Chaudhari, a/k/a Ken, Rashmi Samani, a/k/a Falguni Samani, Amit P. Chaudhari, and Amit B. Chaudhari, a/k/a Matt, did unlawfully manage and control the Inn and Suites, formerly known as Super 8, at 9305 S 145th Street, Omaha, Nebraska as an owner, lessee, agent, or employee and did knowingly and intentionally rent, lease, profit from and make available for use said place for the purpose of unlawfully manufacturing, storing, distributing, and using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(2)

## COUNT V

11.     Between on or about April 9, 2021 and August 12, 2025, in the District of Nebraska, the defendants, Ketankumar Chaudhari, a/k/a Ken, Rashmi Samani, a/k/a Falguni Samani, Amit P. Chaudhari, and Amit B. Chaudhari, a/k/a Matt, did unlawfully manage and control the New Victorian Inn and Suites at 10728 L Street, Omaha, Nebraska as an owner, lessee, agent, or employee and did knowingly and intentionally rent, lease, profit from and make available for use said place for the purpose of unlawfully manufacturing, storing, distributing, and using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(2)

## COUNT VI

12.     Between on or about March 9, 2023 and August 12, 2025, in the District of Nebraska, the defendants, Ketankumar Chaudhari, a/k/a Ken, Rashmi Samani, a/k/a Falguni Samani, Amit P. Chaudhari, and Amit B. Chaudhari, a/k/a Matt, did unlawfully manage and control the Rodeway Inn, at 1110 Fort Crook Road, Bellevue, Nebraska, as an owner, lessee,

6

agent, or employee and did knowingly and intentionally rent, lease, profit from and make available for use said place for the purpose of unlawfully manufacturing, storing, distributing, and using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(2)

## COUNT VII

13.    Between June 15, 2023 and August 12, 2025, in the District of Nebraska, the defendants, Ketankumar Chaudhari, a/k/a Ken, Rashmi Samani, a/k/a Falguni Samani, Amit P. Chaudhari, and Amit B. Chaudhari, a/k/a Matt, did unlawfully manage and control the AmericInn at 2920 S 13th Court in Omaha, Nebraska as an owner, lessee, agent, or employee and did knowingly and intentionally rent, lease, profit from and make available for use said place for the purpose of unlawfully manufacturing, storing, distributing, and using controlled substances.

In violation of Title 21, United States Code, Section 856(a)(2)

## COUNT VIII

14.    Between on or about January 1, 2022 through on or about August 12, 2025, in District of Nebraska and elsewhere, the defendants Ketankumar Chaudhari, a/k/a Ken, Rashmi Samani, a/k/a Falguni Samani, Amit P. Chaudhari, Amit B. Chaudhari, a/k/a Matt, and Maheshkumar Chaudhari a/k/a Mahesh, together and with others known and unknown to the Grand Jury, did knowingly and intentionally combine, confederate, conspire, and agree with each other to provide and obtain the labor and services of persons known and unknown to the Grand Jury by means of force, threats of force, physical restraint, and threats of physical restraint; serious harm and threats of serious harm; the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern intended to cause such persons to believe that if they

7

did not perform such labor and services as demanded by the conspirators, they and any other person would suffer serious harm.

In violation of Title 18 United States Code, Sections 1594(b) and 1589(a) and (d).

<u>MANNER AND MEANS OF THE CONSPIRACY ALLEGED IN COUNT VIII</u>

15.    It was part of the conspiracy that substantial sums of money were paid for aliens to relocate from India to the United States outside of legal channels.

16.    It was part of the conspiracy that the members of the conspiracy would coordinate and conspire to bring those individuals to Nebraska, where they would live and work at the hotels named in this superseding indictment.

17.    It was part of the conspiracy that live-in workers were frequently not paid for their labor at the hotels.

18.    It was part of the conspiracy that, despite not being paid for their work, live-in workers were required to pay rent for their rooms at the hotel.

19.    It was part of the conspiracy that when live-in workers were paid, they were paid minimal hourly rates, even if they worked for days or weeks straight.

20.    It was part of the conspiracy that the living quarters provided to the live-in workers were unsanitary and unsafe both because of the physical condition of the rooms and because of the other occupants and guests at the hotel.

21.    It was part of the conspiracy that live-in workers at the hotel were dependent on others because they lacked transportation and thus, access to basic human needs, such as food, clothing, and medical care, unless provided by the defendants.

22.    It was part of the conspiracy that defendants would use live-in workers lack of legal status as a form of coercion to keep them working and living at the hotels.

8

23.    It was part of the conspiracy that vulnerable individuals were specifically targeted by the defendants to live in and work at the hotels, because such individuals would have no other option but to comply.

24.    The object of the conspiracy was to obtain and maintain, by force, physical restraint, threats, and coercion, cheap or free labor and services to enrich the conspirators.

## COUNT IX

25.    Beginning on an unknown date, but from at least on or about January 1, 2021 and continuing through on or about August 12, 2025, in the District of Nebraska and elsewhere, Ketankumar Chaudhari, a/k/a Ken, Rashmi Samani, a/k/a Falguni Samani, Amit P. Chaudhari, Amit B. Chaudhari, a/k/a Matt, and Maheshkumar Chaudhari a/k/a Mahesh, defendants herein, did knowingly and willfully conspire and agree together and with each other, and with other persons known and unknown to the grand jury, to commit harboring and concealment of aliens, by unlawfully employing, transporting, concealing from detection, and housing aliens, with knowledge and in reckless disregard of the fact aliens were not lawfully in the United States for the purpose of avoiding detection by immigration authorities.

In violation of Title 8, United States Code, Section 1324(a)(I)(A)(v)(I)

### MANNER AND MEANS OF THE CONSPIRACY

26.    It was part of the conspiracy that Ketankumar Chaudhari and Rashmi Salmani would communicate with others known and unknown to arrange to have aliens brought to the United States.

9

27.     Ketankumar Chaudhari, Rashmi Salmani, Amit P. Chaudhari, Amit B. Chaudhari and Maheshkumar Chaudhari would coordinate the transportation of these aliens into the District of Nebraska and elsewhere.

28.     In the District of Nebraska, these aliens would be housed at hotels owned by Ketankumar Chaudhari and Rashmi Salmani.

29.     The aliens would work at these hotels, at the direction of and under the oversight of the conspirators.

30.     Aliens would also work at the brow salons owned by Ketankumar Chaudhari and Rashmi Salmani, at the direction of and under the oversight of the conspirators.

31.     Aliens would be transported from the hotels they lived at to these brow salons and back again.

## OVERT ACTS

32.     In furtherance of the conspiracy identified above, and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Nebraska and elsewhere:

33.     In December 2022, Ketankumar Chaudhari communicated via the WhatsApp messaging application with another individual about the costs of transporting someone from India.

34.     In November and December of 2024, Ketankumar Chaudhari arranged with a person known to the Grand Jury to transport people from North Dakota and Minnesota to Texas.

35.     For the November and December 2024 transports, Amit P. Chaudhari was provided to the transporter as the contact person at the drop off address in Texas.

10

36.    In June 2025, Ketankumar Chaudhari contracted with a person known to the Grand Jury to have that person transport four people from North Carolina to the District of Nebraska to do housekeeping work at the hotels.

37.    Amit P. Chaudhari provided the vehicle for the transport.

38.    None of the four people who were transported, which included a man, a woman, and two minor children, were legally in the United States.

39.    All four of the aliens have been living at Rodeway since their transportation into the District of Nebraska.

40.    The two adults and one of the minor children have all been observed doing employment related work at that hotel.

41.    An alien known to the Grand Jury as JKC entered the United States without legal status on or about February 1, 2022. At the time of his entry, JKC provided an address at the New Victorian, indicating he knew where he was going to be staying before he illegally entered the United States.

42.    Ketankumar Chaudhari had a copy of JKC's Immigration Control and Enforcement (ICE) documents, indicating that JKC had no legal status in the country, saved in his phone.

43.    On July 30, 2025, an alien known to the Grand Jury as ECM was contacted on a traffic stop.

44.    ECM advised law enforcement that he lived in Room 419 of the New Victorian and that he worked for Ketankumar Chaudhari, Rashmi Samani, and Amit P. Chaudhari, who knew he had no legal status in the United States.

11

45.     An alien, known to the Grand Jury as GNC, is known to live at and manage the Inn and Suites and has for at least the last year.

## COUNT X

46.     Between on or about June 15, 2025 through on or about August 12, 2025, District of Nebraska, the defendants Ketankumar Chaudhari, Rashmi Samani, and Amit P. Chaudhari, knowing and in reckless disregard of the fact that an alien, namely, an alien known to the grand jury as SC, had come to, entered and remained in the United States in violation of law, did attempt to conceal, harbor, and shield from detection such alien in buildings and other places and by means of transportation, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

## COUNT XI

47.     Between on or about June 15, 2025 through on or about August 12, 2025, District of Nebraska, the defendants Ketankumar Chaudhari, Rashmi Samani, and Amit P. Chaudhari, knowing and in reckless disregard of the fact that an alien, namely, an alien known to the grand jury as SSC, had come to, entered and remained in the United States in violation of law, did attempt to conceal, harbor, and shield from detection such alien in buildings and other places and by means of transportation, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

## COUNT XII

48.     Between on or about June 15, 2025 through on or about August 12, 2025, District of Nebraska, the defendants Ketankumar Chaudhari, Rashmi Samani, and Amit P.

Chaudhari, knowing and in reckless disregard of the fact that an alien, namely, an alien known to the grand jury as MFA, had come to, entered and remained in the United States in violation of law, did attempt to conceal, harbor, and shield from detection such alien in buildings and other places and by means of transportation.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

## COUNT XIII

49.     Between on or about June 15, 2025 through on or about August 12, 2025, District of Nebraska, the defendants Ketankumar Chaudhari, Rashmi Samani, and Amit P. Chaudhari, knowing and in reckless disregard of the fact that an alien, namely, an alien known to the grand jury as MMA, had come to, entered and remained in the United States in violation of law, did attempt to conceal, harbor, and shield from detection such alien in buildings and other places and by means of transportation.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

## COUNT XIV

50.     Between on or about February 28, 2022 through on or about August 12, 2025,
District of Nebraska, the defendants Ketankumar Chaudhari, Rashmi Samani, and Amit P.
Chaudhari, knowing and in reckless disregard of the fact that an alien, namely, an alien
known to the grand jury as JKC, had come to, entered and remained in the United States in
violation of law, did attempt to conceal, harbor, and shield from detection such alien in
buildings and other places and by means of transportation, for the purpose of commercial
advantage and private financial gain.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

## COUNT XV

51.     Between on or about January 1, 2025 through on or about August 12, 2025,
District of Nebraska, the defendants Ketankumar Chaudhari, Rashmi Samani, and Amit P.
Chaudhari, knowing and in reckless disregard of the fact that an alien, namely, an alien
known to the grand jury as GNC, had come to, entered and remained in the United States in
violation of law, did attempt to conceal, harbor, and shield from detection such alien in
buildings and other places and by means of transportation, for the purpose of commercial
advantage and private financial gain.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

## COUNT XVI

52.     Between on or about July 4, 2025 through on or about August 12, 2025, District
of Nebraska, the defendants Ketankumar Chaudhari, Rashmi Samani, and Amit P.
Chaudhari, knowing and in reckless disregard of the fact that an alien, namely, an alien
known to the grand jury as ECM, had come to, entered and remained in the United States in

14

violation of law, did attempt to conceal, harbor, and shield from detection such alien in buildings and other places and by means of transportation, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

## COUNT XVII

53.    On or about June 15, 2025 through on or about June 20, 2025, in the District of Nebraska and elsewhere, the defendants Ketankumar Chaudhari, Rashmi Samani, and Amit P. Chaudhari, knowing and in reckless disregard of the fact that an alien, namely, an alien known to the grand jury as SC, had come to, entered and remained in the United States in violation of law, did transport and move said alien within the United States by means of transportation and otherwise in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

## COUNT XVII

54.    On or about June 15, 2025 through on or about June 20, 2025, in the District of Nebraska and elsewhere, the defendants Ketankumar Chaudhari, Rashmi Samani, and Amit P. Chaudhari, knowing and in reckless disregard of the fact that an alien, namely, an alien known to the grand jury as SSC, had come to, entered and remained in the United States in violation of law, did transport and move said alien within the United States by means of transportation and otherwise in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

## COUNT XIX

55.     On or about June 15, 2025 through on or about June 20, 2025, in the District of

Nebraska and elsewhere, the defendants Ketankumar Chaudhari, Rashmi Samani, and Amit

P. Chaudhari, knowing and in reckless disregard of the fact that an alien, namely, an alien

known to the grand jury as MFA, had come to, entered and remained in the United States in

violation of law, did transport and move said alien within the United States by means of

transportation and otherwise in furtherance of such violation of law.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

## COUNT XX

56.     On or about June 15, 2025 through on or about June 20, 2025, in the District of

Nebraska and elsewhere, the defendants Ketankumar Chaudhari, Rashmi Samani, and Amit

P. Chaudhari, knowing and in reckless disregard of the fact that an alien, namely, an alien

known to the grand jury as MMA, had come to, entered and remained in the United States in

violation of law, did transport and move said alien within the United States by means of

transportation and otherwise in furtherance of such violation of law.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

## COUNT XXI

57.     From on or about August 1, 2011 and continuing through on or about Augst 12,

2025 in the District of Nebraska and elsewhere, the defendants, Ketankumar Chaudhari, a/k/a

Ken, and Rashmi Samani, a/k/a Falguni Samani, knowingly and willfully conspired and

agreed together and with each other, and with other persons known and unknown to the

Grand Jury, to defraud the United States of and concerning its right to have its official

business of reviewing, processing, and granting visas and other documents changing the legal

16

status of immigrants or visitors to this country processed through United States Citizenship and Immigration Services (USCIS) conducted honestly and free from corruption, fraud, dishonesty, and unlawful impairment and obstruction.

In violation of Title 18 United States Code Section 371

## MANNER AND MEANS OF THE CONSPIRACY

58.     It was part of the conspiracy that Rashmi Samani, a/k/a Falguni Samani, entered the United States as a visitor, using a B1/B2 visa in June of 2007.

59.     It was part of the conspiracy that Rashmi Samani, a/k/a Falguni Samani, did not leave the United States at the expiration of her B1/B2 visa, becoming a visa overstay and having no legal status to be in the United States.

60.     It was part of the conspiracy that Ketankumar Chaudhari, a/k/a Ken, entered the United States in August of 2008, as a visitor on a B1/B2 visa.

61.     It was part of the conspiracy that Ketankumar Chaudhari, a/k/a Ken, petitioned for and was granted a change in status and remained in the United States on a student visa.

62.     It was part of the conspiracy that Rashmi Samani, a/k/a Falguni Samani entered into a sham marriage with a United States citizen in an attempt to gain lawful status.

63.     It was part of the conspiracy that Ketankumar Chaudhari, a/k/a Ken, entered into a sham marriage with a United States citizen and attempted to petition for lawful status through that marriage. The subsequent petitions for status were denied because the sham wife petitioned to withdraw her sponsorship and because USCIS found fraud.

64.     It was part of the conspiracy that Ketankumar Chaudhari, a/k/a Ken, entered into another sham marriage with a United States citizen and attempted to petition for lawful status through that marriage, despite being in an intimate relationship with Rashmi Samani, a/k/a

17

Falguni Samani at the time of that marriage. That petition for status was also found to be
fraudulent by USCIS.

65.    It was part of the conspiracy that, despite entering into a sham marriage, Rashmi
Samani, a/k/a Falguni Samani continued to attempt to use the sham marriage to apply for
status even after divorcing her American husband.

66.    It was part of the conspiracy that, after USCIS found fraud and revoked Rashmi
Samani, a/k/a Falguni Samani conditionally permanent resident status, Rashmi Samani, a/k/a
Falguni Samani and Ketankumar Chaudhari, a/k/a Ken, began looking for alternative paths to
permanent status.

67.    It was part of the conspiracy that a U-Visa, of which there are a limited number
issued each year, provides temporary status to an alien who is otherwise unlawfully present if
they have been the victim of certain, qualifying crimes, so that they may participate in the
ongoing criminal investigation and court proceedings. The U-Visa also provides a path to
lawful permanent resident status.

68.    It was part of the conspiracy that Ketankumar Chaudhari, a/k/a Ken, planned and
set up a staged robbery at a brow salon he and Rashmi Samani, a/k/a Falguni Samani owned
and operated while she was working there.

69.    It was part of the conspiracy that, based on the staged robbery, Rashmi Samani,
a/k/a Falguni Samani filed for a U-Visa and petitioned for Ketankumar Chaudhari, a/k/a Ken,
to also receive status as a qualifying family member.

<u>OVERT ACTS</u>

70.    On or about June 5, 2011, Ketankumar Chaudhari, a/k/a Ken, married a United
States citizen, her name known to the Grand Jurors, at the Douglas County Courthouse.

18

71.     On or about August 7, 2011, Rashmi Samani, a/k/a Falguni Samani married a
United States Citizen, his name known to the Grand Jurors, at the Douglas County
Courthouse in Omaha, Nebraska.

72.     Rashmi Samani, a/k/a Falguni Samani's American spouse was a witness to
Ketankumar Chaudhari, a/k/a Ken's marriage, and Ketankumar Chaudhari, a/k/a Ken's
American spouse was a witness to Rashmi Samani, a/k/a Falguni Samani's marriage.

73.     On the basis of that marriage, Rashmi Samani, a/k/a Falguni Samani filed for
lawful permanent status on or about June 12, 2012, which was granted.

74.     On the basis of his marriage, Ketankumar Chaudhari filed for lawful permanent
status on or about November 2, 2012. A notice of intent to deny was served on or about
September 27, 2013.

75.     On or about October 15, 2013, Ketankumar Chaudhari, a/k/a Ken's American
spouse moved to withdraw her petition for an alien relative, in other words, her sponsorship
of Ketankumar Chaudhari. That withdrawal was accepted and Ketankumar Chaudhari's
petition for permanent residence status on the basis of marriage was denied on or about
November 4, 2013.

76.     On or about October 20, 2014, Rashmi Samani, a/k/a Falguni Samani and her
American spouse were divorced.

77.     On or about October 31, 2014, Rashmi Samani, a/k/a Falguni Samani filed to
remove her conditional status and become a permanent lawful resident, alleging that she
married in good faith but that her marriage had been terminated. That request was denied on
or about September 30, 2016, after a finding by USCIS that Rashmi Samani, a/k/a Falguni
Samani had entered into a sham marriage.

78.     On or about December 23, 2014, Rashmi Samani, a/k/a Falguni Samani gave birth to a child. The father of that child is Ketankumar Chaudhari, a/k/a Ken.

79.     On or about March 17, 2014, Ketankumar Chaudhari, a/k/a Ken, petitioned to become a lawful permanent resident, claiming he had married a United States Citizen on or about January 7, 2014.

80.     That petition was denied on or about July 17, 2014.

81.     On or about May 5, 2022, an entry of removal was entered against Rashmi Samani, a/k/a Falguni Samani.

82.     Rashmi Samani, a/k/a Falguni Samani appealed the entry of removal and was given until on or about February 23, 2023, to submit a brief to the Board of Immigration Appeals.

83.     On or about December 12, 2022, a robbery was reported at the Brow Beauty Salon located at 602 South 72nd Street in Omaha, Nebraska. It was reported that a male dressed all in black entered the salon with a firearm and demanded money, that he physically assaulted Rashmi Samani, a/k/a Falguni Samani, and that she was transported to the hospital.

84.     On or about February 14, 2023, Ketankumar Chaudhari, a/k/a Ken, was arrested for a criminal conspiracy to commit a robbery.

85.     On or about September 12, 2023, Ketankumar Chaudhari, a/k/a Ken, was found guilty of attempted insurance fraud in relation to the robbery.

86.     After December 12, 2022, Rashmi Samani, a/k/a Falguni Samani petitioned for a U-Visa, claiming to have been a victim of a robbery.

20

## COUNT XXII

87.     Sometime after December 12, 2022, but before May 1, 2025, in the District of Nebraska and elsewhere, the defendants, Rashmi Samani, a/k/a Falguni Samani, aided and abetted by Ketankumar Chaudhari, a/k/a Ken, and did knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in a document required by the immigration laws and regulations prescribed thereunder, to wit on an I-918 application form by claiming to be a victim of a qualifying crime, a statement the defendants then and there knew was false, in that the qualifying crime did not happen.

In violation of Title 18, United States Code, Sections 1546(a) and 2

## COUNT XXIII

88.     From on or about April 9, 2021 and continuing to on or about August 12, 2025, in the District of Nebraska and elsewhere, the defendants, Ketankumar Chaudhari, a/k/a Ken, Rashmi Samani, a/k/a Falguni Samani, Hinaben Chaudhari, and Jayeshkumar Chaudhari, knowingly and intentionally combined, conspired, confederated, and agreed with other persons known and unknown to the Grand Jury, to commit an offense against the United States in violation of Title 18, United States Code, Section 1956, to wit:

    a.   To conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is sex trafficking in violation of Title 18, United States Code, Section 1591, maintaining a drug premise in violation of Title 21, United States Code Section 856, labor trafficking in violation of Title 18, United States Code, Section 1589, and harboring aliens in violation of Title 8, United States Code, Section

21

1324, with the intent to promote the carrying on of the specific unlawful activity alleged above, contrary to Title 18, United States Code, Section 1596(a)(1)(A)(i);

b. To conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is sex trafficking in violation of Title 18, United States Code, Section 1591, maintaining a drug premise in violation of Title 21, United States Code Section 856, labor trafficking in violation of Title 18, United States Code, Section 1589, and harboring aliens in violation of Title 8, United States Code, Section 1324, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1596(a)(1)(B)(i);

c. To conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is sex trafficking in violation of Title 18, United States Code, Section 1591, maintaining a drug premise in violation of Title 21, United States Code Section 856, labor trafficking in violation of Title 18, United States Code, Section 1589, and harboring aliens in violation of Title 8, United States Code, Section 1324, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement and that while conducting and attempting to conduct such financial transactions knew that the property involved in the

22

financial transactions represented the proceeds of some form of unlawful activity,

contrary to Title 18, United States Code, Section 1596(a)(1)(B)(ii);

In violation of Title 18, United States Code Section 1956(h)

## MANNER AND MEANS OF THE CONSPIRACY

89.   It was part of the conspiracy that the conspirators received United States Currency

from individuals engaging in specified unlawful activity.

90.   It was part of the conspiracy that the conspirators would move funds between related

entities, nominee accounts, and personal accounts in a manner meant to obscure the original

source of the proceeds and complicate financial tracing.

91.   It was part of the conspiracy that conspirators would convert the United States

Currency into other items of value, such as real estate and jewelry, in an effort to further conceal

the proceeds.

92.   It was part of the conspiracy that conspirators would store the United States

Currency in unorthodox methods or manners in an effort to conceal it.

93.   It was part of the conspiracy that proceeds from the various specified unlawful

activities were used to purchase additional real properties, allowing for the expansion of the

unlawful activities and a corresponding increase in revenues for conspirators.

## FORFEITURE ALLEGATION

94.   The allegations contained in Counts I through III and VIII of this Indictment are

hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to

Title 18, United States Code, Section 1594.

95.    The allegations contained in Counts IV through VII of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853(a).

96.    The allegations contained in Counts IX through XX of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 8, United States Code, Section 1324(b) and Title 18, United States Code, Section 982(a)(6)

97.    The allegations contained in Count XXXIII of this Indictment are hereby realleged and incorporated by reference for the purposes of alleging forefeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

98.    Pursuant to Title 18, United States Code, Section 1594, upon conviction of an offense in violation of Title 18, United States Code, Section 1589 and/or 1591, the defendants, Ketankumar Chaudhari, Rashmi Samani, Amit P. Chaudhari, Amit B. Chaudhari, and Maheshkumar Chaudhari, shall forfeit to the United States of America (1) any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the offense[s], and any property traceable to such property; and (2) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense[s], and any property traceable to such property.

99.    Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Section 856, the defendants, Ketankumar Chaudhari, Rashmi Samani, Amit P. Chaudhari, Amit B. Chaudhari, and Maheshkumar Chaudhari, shall forfeit to the United States of America (1) any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the offense, and any property traceable to such property; and (2) any property, real or personal, constituting

24

or derived from, any proceeds obtained, directly or indirectly, as a result of the offense, and any property traceable to such property.

100.   Pursuant to Title 8, United States Code, Section 1324(b) and Title 18, United States Code, Section 982(a)(6), upon conviction of an offense in violation of Title 18, United States Code, Section 1324, the defendants, Ketankumar Chaudhari, Rashmi Samani, Amit P. Chaudhari, Amit B. Chaudhari, and Maheshkumar Chaudhari, shall forfeit to the United States of America any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense of which the defendants are convicted, any property, real or personal, that constitutes or is derived from or is traceable to the gross proceeds obtained directly or indirectly from the commission of the offense of which the defendants are convicted, and any property, real or personal, used to facilitate or intended to be used to facilitate the commission of the offense of which the defendants are convicted.

101.   Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendants, Ketankumar Chaudhari, Rashmi Samani, Hinaben Chaudhari, and Jayeshkumar Chaudhari, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

102.   The property to be forfeited includes, but is not limited to, the following:

   a.      9305 S. 145th Street, Omaha, Nebraska 68138;

   b.      10728 L Street, Omaha, Nebraska 68127;

   c.      1110 Fork Crook Road S., Bellevue, Nebraska 68005;

   d.      2920 South 13th Court, Omaha, Nebraska 68108;

   e.      2306 N. 182nd Avenue, Elkhorn, Nebraska 68022;

25

f.      10340 S. 164th Street, Omaha, Nebraska 68136;

g.      2019 Land Rover Range Rover VIN: SALYL2EX1KA210060;

h.      2024 Honda CR-V VIN: 7FARS6H87RE062643;

i.      2021 Honda Odyssey VIN: 5FNRL6H72MB009647;

j.      2024 Cadillac Escalade VIN: 1GYS4FKL6RR275737;

k.      2022 Ford F-150 VIN: 1FTFW1E86NKD21954;

l.      2025 Nissan Pathfinder VIN: 5N1DR3DJ2SC201911;

m.      $27.73 in Wells Fargo Bank Account: 3598992588;

n.      $21.00 in Wells Fargo Bank Account: 3460313277;

o.      $1,592.90 in Wells Fargo Bank Account: 1881748709;

p.      $18,275.08 in Wells Fargo Bank Account: 5430601368;

q.      $17,469.19 in Wells Fargo Bank Account: 5430601376;

r.      $13,067.14 in Wells Fargo Bank Account: 5430601384;

s.      $84,369.30 in Wells Fargo Bank Account: 7556819907;

t.      $3,838.23 in Wells Fargo Bank Account: 2778084059;

u.      $10,777.84 in Wells Fargo Bank Account: 7207508479;

v.      $500.00 in Wells Fargo Bank Account: 7207508487;

w.      $47,107.55 in Wells Fargo Bank Account: 8194457761;

x.      $55,748.76 in Pinnacle Bank Account: 2601035047;

y.      $40,096.35 in Pinnacle Bank Account: 2601035054;

z.      $13,685.50 in Pinnacle Bank Account: 2601035062;

aa.     $29,940.45 in Pinnacle Bank Account: 2601035070;

bb.     $3,463.51 in Pinnacle Bank Account: 2601035096;

cc.    $200,000 in U.S. currency located in Pinnacle Safe Deposit Box 2023

dd.    $104,777.49 seized from 2306 N. 182nd Avenue, Elkhorn, NE 68022

ee.    Approximately 30 bags of jewelry located in Pinnacle Safe Deposit Box

4009 including:

1.  Two gold 22k stamped yellow gold bangle style bracelets
2.  Two gold 22k stamped yellow gold bangle style bracelets
3.  Two gold 22k stamped yellow gold bangle style bracelets
4.  Two gold 22k stamped yellow gold bangle style bracelets
5.  Six gold 22k stamped yellow gold bangle style bracelets
6.  One 24k stamped and tested yellow gold modified Cuban link bracelet and one 24k stamped and tested yellow gold modified Cuban link chain.
7.  One 22k stamped and tested yellow gold modified Cuban link bracelet -two gold 22K tested yellow gold loose Cuban links, four 24K tested yellow gold loose Cuban links and One 22K stamped and tested yellow gold modified Cuban link chain
8.  One 22K stamped yellow gold hand chain
9.  One pair 22k stamped yellow gold chandelier style earrings and one 22k stamped yellow gold pendant
10.  One 18K tested white gold and 22K stamped yellow gold necklace with round cubic zirconias, one 22K stamped yellow gold cubic zirconia ring and one 22K stamped yellow gold cubic zirconia earring
11.  One 22K stamped yellow gold necklace with teardrop design and one pair of 22K stamped yellow gold drip style earrings
12.  One pair 22K stamped yellow gold drop style earrings, one 22K stamped yellow gold necklace and one 22K tested yellow gold pendant
13.  One 22K tested yellow gold hand chain
14.  One 22K stamped yellow gold and enamel gold collar necklace and one pair 22K stamped enamel and gold earrings
15.  One pair 22K stamped gold dangle earrings
16.  One 22K stamped yellow gold enamel and gold ring; One 22K stamped yellow gold ring; One 22K stamped yellow gold abstract flower ring; one 22K stamped yellow gold and enamel

27

gold domed ring and One set of Three 22K stamped yellow gold rings

17. One 22K stamped yellow gold section of chain 5.25" long; One 22K stamped yellow gold section of chain 5.25" long; One 22K stamped yellow gold section of chain 5.25" long; and one 22K stamped yellow gold section of chain 5.25" long

18. One 22K stamped yellow gold double row fancy bead link chain, one 22K stamped yellow gold square, four row fancy bead link chain and One 22K stamped yellow gold modified square cable chain

19. One 22K stamped yellow gold head ornament with enamel detailing, one 22K stamped yellow gold head ornament with enamel detailing and one 22K stamped yellow gold head ornament.

20. One pair 22K stamped yellow gold cubic zirconia earrings; One 22K stamped yellow gold cubic zirconia necklace ; One 22K stamped yellow gold diamond necklace with 75 round full cut diamonds; and One 20K stamped yellow gold necklace with ornate rectangular section stationed in the center with pointed accents

21. One 22K stamped yellow gold necklace with four-tiered drop

22. One 22K stamped yellow gold necklace, center section features a circular filigree design with clear and green glass accents and one pair 22K stamped yellow gold earrings

23. One 22K stamped yellow gold necklace and one pair 22K stamped yellow gold earrings

24. One 22K stamped yellow gold necklace and one pair 22K stamped yellow gold dangle style earrings

25. One pair 22K stamped yellow gold collar necklace and one pair 22K stamped yellow gold earrings

26. One 22K stamped yellow gold collar necklace and one pair 22K stamped yellow gold earrings

27. One 22K stamped yellow gold necklace and one pair 22K stamped yellow gold earrings

28. One 22K stamped yellow gold necklace and one pair 22K stamped yellow gold earrings

29. One 22K stamped yellow gold collar necklace and one pair 22K stamped yellow gold earrings

      30. One 22K stamped yellow gold collar necklace and one pair
          22K stamped yellow gold earrings

ff.    $1604.00 seized on August 12, 2025 from 2920 S. 13th Ct., Omaha, NE

gg.    $4,936.00 seized on August 12, 2025 from 9305 S. 145th St., Omaha, NE

hh.    $3,848.00 seized on August 12, 2025 from Brow Beauty Oakview at 3001

S 144th St., Omaha, NE

ii.    $10,709.00 seized on August 12, 2025 from Brow Beauty, Westroads Mall

Suite 2147, 10000 California St., Omaha, NE

jj.    $4,112.00 seized on August 12, 2025 from Brow Bar, 2nd floor Westroads

Mall, 10000 California St., Omaha, NE

kk.    $2,420.00 seized on August 12, 2025 from Brow Bar Kiosk, Westroads

Mall, 10000 California St., Omaha, NE

ll.    $15,330.00 seized on August 12, 2025 from 10728 L. Street, Omaha, NE,

68127

mm.    $3,366.00 seized on August 12 2025 from 1110 Fort Crook Rd S,

Bellevue, NE

nn.    $3,366.00 seized on August 12, 2025 from Brow and Lash Beauty, 3316

N. 108th St., Omaha, NE

oo.    $5,863.00 seized on August 12, 2025 from Brow Beauty, 602 S 72nd St,

Omaha, NE

pp.    $28,065.00 seized on August 12, 2025 from 402 Blaine St., Norfolk, NE

qq.    $5,000.00 seized on July 30, 2025 from 2022 Ford F-150 VIN:

1FTFW1E86NKD21954

As well as a sum of money equal to the total amount of proceeds traceable to such offenses for which the Defendants are convicted.

93.    If any of the property described above, as a result of any act or omission of the defendant[s]:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

The United States of America requests that trial of this case be held in Lincoln, Nebraska, pursuant to the rules of this Court.

UNITED STATES OF AMERICA,
Plaintiff

LESLEY A. WOODS
United States Attorney
District of Nebraska

30

DANIELLE FLIAM #25658
Assistant U.S. Attorney