**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KETANKUMAR CHAUDHARI, et al.<br><br>Defendant. | **CASE NO.  4:25CR03071**<br><br><br>**NOTICE OF ATTORNEY'S CHARGING LIEN** |

PLEASE TAKE NOTICE that, pursuant to Neb. Rev. Stat. § 7-108 and the inherent and ancillary authority of this Court, the undersigned, Damilola J. Oluyole, of Yole Law P.C., L.L.O. (collectively, "Counsel"), hereby asserts an attorney's lien for the reasonable value of legal services rendered and expenses advanced in connection with the Court-authorized interlocutory sales of the following properties:

1. 9305 South 145th Street, Omaha, NE 68138

2. 2920 South 13th Court, Omaha, NE 68108

3. 10728 L Street, Omaha, NE 68106

1. Identification of services. Counsel was retained by Maharaj Bapa, LLC, Jay Maharaj LLC, and Bapa Maharaj LLC (collectively, "the Business"), which are owned and/or operated by the Defendants, to provide legal services necessary to effectuate the interlocutory sales of the Business consisting of the hotel properties listed above and its assets as authorized by this Court's Orders dated December 2, 2025

2. Prior engagement and compensation in this same case. Counsel previously provided comparable services in connection with this Court's prior interlocutory sale of the Defendants' home and land, specifically the residence at 2306 N. 182nd Avenue, Elkhorn, Nebraska 68022 and the vacant land at 10340 South 164th Street, Omaha, Nebraska 68136, pursuant to Orders dated December 2, 2025. Counsel's reasonable fees and expenses for that engagement were paid from the proceeds of that sale without objection. Counsel accepted the present engagement in reliance on that same practice.

3.      Foreclosure context and preservation of value. The hotel properties were subject to outstanding bank loans, and the lender had initiated foreclosure proceedings. Absent Counsel's services, including negotiations with the lender, coordination with the United States Marshals Service, and the mechanics of effectuating the Court-authorized interlocutory sales, the hotels would have been lost to foreclosure, leaving no equity to preserve for the Government, the Defendants, or any other claimant. Counsel's work thus produced and preserved the entire fund against which the Government and others now assert interests.

4.      Nature of the work. The services rendered were necessary to preserve the value of the restrained property pending disposition of this criminal case and to comply with the Sale Orders. They include: (a) advising the Business and its owners; (b) coordinating with the United States and the U.S. Marshals Service; (c) reviewing and negotiating sale documentation; (d) traveling to Saline County Jail, Saunders County Jail, and Phelps County Jail to obtain necessary authorizations and signatures from the detained Defendants; (e) coordinating with potential purchasers and brokers; and (f) such other services as were necessary to effectuate the Court-ordered sales.

5.      Amount claimed. Counsel claims a lien in the amount of no less than $42,701.50 for legal fees, subject to augmentation for services rendered after the date of this Notice. An itemized statement of services will be provided upon request.

6.      Property to which the lien attaches. The lien attaches to: (a) all monies and proceeds now held, or hereafter received, from the Court-authorized interlocutory sales of the Business and its assets; (b) any funds in the hands of the Plaintiff United States, the U.S. Marshals Service, or the Clerk of the Court to the extent such funds may become payable to the Business or to the Defendants; and (c) any papers, files, or other property of the Business or the Defendants in Counsel's possession.

7.      Perfection. This Notice is given in writing for the purpose of perfecting the charging lien pursuant to Neb. Rev. Stat. § 7-108.

Administrative-expense character. Counsel further asserts that the fees and expenses described above are a necessary cost of effectuating the Court's Sale Orders and are properly payable from the sale proceeds as an administrative expense of the interlocutory sales before any distribution to the United States or to the Defendants.

8.      Reservation of rights. Counsel reserves all rights to seek judicial adjudication and

enforcement of this lien. No disbursement, release, or distribution of the sale proceeds should be

made without prior adjudication and satisfaction of this lien, or without Counsel's written consent.

9.      Directive for Disbursement. Pursuant to the assertion of this lien, Counsel hereby directs the

Escrow Agent, TitleCore National, LLC, to disburse the sum of $42,701.50 directly to Movant

from the gross sales proceeds prior to any further distribution to the Government or other parties.

Dated this 21st day of April 2026.

Respectfully Submitted,

/s/ Dami J. Oluyole

DAMI J. OLUYOLE, # 25149
YOLE LAW P.C., L.L.O.
ATTORNEYS & COUNSELORS AT LAW
7930 BLONDO STREET, SUITE 100
OMAHA, NE  68134
T: (402) 915-9360
C:(402) 880-9456
F: (402) 403-1330
E-MAIL: DAMMY@YOLELAW.COM

## CERTIFICATE OF SERVICE

Damilola J. Oluyole, hereby certifies that the foregoing document was filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the registered participants on this 21st day of April, 2026.

/s/ Dami J. Oluyole

DAMI J. OLUYOLE, # 25149