IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KETANKUMAR CHAUDHARI, a/k/a Ken,<br>RASHMI SAMANI, a/k/a Rashmi<br>AMIT P. CHAUDHARI,<br>AMIT B. CHAUDHARI, a/k/a Matt,<br>MAHESHKUMAR CHAUDHARI, a/k/a<br>Mahesh,<br>HINABEN CHAUDHARI, and<br>JAYESHKUMAR CHAUDHARI,<br><br>Defendants. | 4:25CR3071<br><br>GOVERNMENT'S RESPONSE TO<br>DAMILOLA J. OLUYOLE'S<br>MOTION TO ADJUDICATE AND<br>ENFORCE ATTORNEY'S LIEN |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files it's response to Damilola J. Oluyole's ("Movant") Motion to Adjudicate and Enforce Attorney's Lien (Filing No. 225) requesting this Court deny Movant's Motion.

## I.    INTRODUCTION

On August 11, 2025, the United States District Court signed a criminal complaint against Ketankumar Chaudhari, Rashmi Samani, Amit P. Chaudhari, Amit B. Chaudhari and Maheshkumar Chaudhari charging conspiracy to engage in sex trafficking, in violation of 18 U.S.C. §§ 1591 and 1594; conspiracy to engage in forced labor, in violation of 18 U.S.C. § 1589; conspiracy to defraud the United States by fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. §§ 371 and 1546(a); conspiracy related to transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A); conspiracy related to harboring illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii); concealing person from arrest, in violation

1

of 18 U.S.C. § 1071; and maintaining a drug-involved premises, in violation of 21 U.S.C. § 846. (Filing No. 1).

On August 19, 2025, the grand jury returned a twenty-three-count indictment against these Defendants charging them with sex trafficking of a minor by force/fraud/coercion, in violation of 18 U.S.C. §§ 2 and 1591; maintaining a drug premises, in violation of 21 U.S.C. § 856(a)(2); conspiracy to commit labor trafficking by peonage, in violation of 18 U.S.C. §§ 1581 and 1594(b); conspiracy to harbor aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); harboring aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii); transporting aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii); and conspiracy to defraud the United States by fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. §§ 371 and 1546(a).  (Filing No. 67).  The indictment included a corresponding forfeiture allegation regarding *inter alia* real property—including four hotels, a vacant lot, and a personal residence—alleged to have been proceeds of, as well as utilized to facilitate, the aforementioned criminal conduct, in violation of 18 U.S.C. §§ 982(a)(6), 1594; 21 U.S.C. § 853(a); 8 U.S.C. § 1324(b) as well as 18 U.S.C. § 982(b)(1); 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c).  *Id*.

Following the Indictment, the United States Attorney's Office filed *lis pendens* on the six real properties included in the forfeiture allegation.  *Lis pendens* create a cloud on the title of a property and functions to freeze or restrain the property from being *inter alia* sold, transferred, etc.

On February 18, 2026, the grand jury returned a twenty-three-count Superseding Indictment and *inter alia* added more defendants to the charges, merged some charges, added a charge, and added additional assets to the original forfeiture allegation.  (Filing Nos. 181, 185).

2

## II.    EXHIBITS

1.  Government Exhibit 1: Seller's Closing Statement

## III.    FACTUAL BACKGROUND

Defendants Ketankumar Chaudhari and Rashmi Samani are the sole members of Maharaj Bapa, LCC; Jay Maharaj LLC; and Bapa Maharaj LLC. (Filing Nos. 148-153). Together, they own real property listed in the forfeiture allegation of the Indictment—specifically items a through f. *Id*. Movant "was retained by Maharaj Bapa, LCC, Jay Maharaj LLC, and Bapa Maharaj LLC (collectively "the Business") which are owned and/or operated by the Defendants[1], to provide legal services necessary to effectuate the interlocutory sales of the Business consisting of the hotel properties[.]" (Filing No. 224 at 1). Ketankumar Chaudhari and Rashmi Samani, Premier Bank, and the United States Attorney's Office for the District of Nebraska (i.e. the Parties) agreed to the private interlocutory sale of these 6 properties in joint motions to the Court. (Filing Nos. 148-153). The Court granted the Parties' joint motions for interlocutory sale pursuant to the terms agreed upon by the Parties. (Filing Nos. 155-160).

In preparation for closing on the interlocutory sale of 9305 S. 145th Street, Omaha, Nebraska 68138 (i.e. Item (a.) in the forfeiture allegation), the Parties reviewed the seller's closing statement which included *inter alia* the following line item: "Attorney Fees to Yole Law Firm $20,315.00." (Gov't Exh. 1). The Parties were not provided an accounting or further breakdown of the costs associated with this fee. The Government informed the Parties it disputed this fee and declined to approve closing with inclusion of said fee. Movant filed the Notice of Attorney's

---

[1] By "Defendants" the undersigned believes Movant represents Ketankumar Chaudhari and Rashmi Samani and "the Business" in particular and not all defendants listed in this criminal case. Notably, Ketankumar Chaudhari and Rashmi Samani are represented by other retained counsel regarding their criminal defense in the underlying criminal case.

3

Charging Lien in the amount of $42,701.50[2] (filing no. 224) and the instant motion to adjudicate and

enforce the attorney's fee. (Filing No. 225).

## IV.    LAW & ANALYSIS

### A.  The Joint Interlocutory Sale Agreements Do Not Provide for Attorney's Fees for the Movant[3]

In the joint motions for interlocutory sale of the properties, the Parties specifically listed the

various fees, costs, taxes, unpaid principal balances, interest, etc. specific to each property that were

outside the scope of net proceeds from the sale of each of the properties.  (Filing Nos. 148-153).

Notably, these fees included *inter alia* "legal fees not to exceed $10,000.00" specifically to Premier

Bank counsel, realtor's fees and/or commissions not to exceed 6% of the gross sale price, etc.  *Id*.

Significantly, the Parties did not stipulate to—or otherwise agree to—the payment of attorney's fees

to any of Ketankumar Chaudhari, Rashmi Samani's, or the Business's attorney(s)—including

Movant.  The absence of such language—especially when the attorney's fees are specifically

contemplated for Premier Banks' counsel—establishes the exclusion of attorney's fees for any of

Ketankumar Chaudhari, Rashmi Samani's, or the Business's attorney(s), including Movant, was

intentional on behalf of the Parties.

Accordingly, the plain language of the joint interlocutory sale agreements establish Movant

is not entitled to any attorney fees deriving from the sale of the properties.

### B.  Releasing Forfeitable Funds to Pay Attorney's Fees is Improper

#### a.  Defendants Do Not Have a Sixth Amendment Right to Use Tainted Funds

---

[2] Movant offered to provide an itemized statement of services upon request in his Notice of Attorney's Charging Lien.  (Filing No. 224 at p. 2). The Government is requesting the itemized statement of services.

[3] To the extent Movant's attorney's fees were paid in prior interlocutory sales, the Government asserts that occurred in error and reserves the right to request those funds be repaid.

**to Pay for Attorney's Fees**[4]

In *Caplin & Drysdale, Chartered v. U.S.*, 491 U.S. 617 (1989) and *United States v. Monsanto*, 491 U.S. 600 (1989), the Supreme Court held that a criminal defendant has no Sixth Amendment right to use forfeitable assets to employ counsel.[5]  The Court in *Caplin & Drysdale, Chartered*, expounded further,

> Whatever the full extent of the Sixth Amendment's protection of one's right to retain counsel of his choosing, that protection does not go beyond "the individual's right to spend his own money to obtain the advice and assistance . . . . of counsel."  A defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney, even if those funds are the only way that that defendant will be able to retain the attorney of his choice. A robbery suspect, for example, has no Sixth Amendment right to use funds he has stolen from a bank to retain an attorney to defend him if he is apprehended. The money, though in his possession, is not rightfully his; the Government does not violate the Sixth Amendment if it seizes the robbery proceeds and refuses to permit the defendant to use them to pay for his defense. "[N]o lawyer, in any case,  . . . has the right to . . . accept stolen property, or . . . ransom money, in payment of a fee . . . The privilege to practice law is not a license to steal."

491 U.S. at 626. (internal citations omitted).

Here, the Government included the six real properties in the forfeiture allegation of the

---

[4] Movant was not retained by Ketankumar Chaudhari, Rashmi Samani's, or the Business for criminal defense—rather, those parties retained Movant to handle the private interlocutory sales on their behalf.  Accordingly, as a threshold matter, the Government submits that the Movant's non-criminal defense related representation of the Defendants and the Business renders the Sixth Amendment protections inapplicable.

[5] The Government notes that both cases analyzed forfeiture under the lens of the applicable drug forfeiture statute—i.e. 21 U.S.C. § 853.  The Court in *Monsanto*, acknowledged that the language of this drug forfeiture statute provided no exemption from an asset's forfeiture or pretrial restraint which a defendant wished to use to retain an attorney.  491 U.S. at 614.  While the instant case also involves forfeiture under the same drug forfeiture statute, forfeiture in this case is also permitted under *inter alia* 18 U.S.C. §§ 982(a)(6), 1594; 8 U.S.C. § 1324(b) as well as 18 U.S.C. § 982(b)(1); 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c).  (Filing Nos. 67, 181). In reviewing the language of these additional forfeiture statutes, the Government submits that like the drug forfeiture statute examined in *Monsanto* and *Caplin & Drysdale, Chartered*, there are no exemptions carved out for permitting forfeitable assets to be utilized to pay for attorney's fees in the other aforementioned applicable forfeiture statutes. Accordingly, the analysis in *Monsanto* and *Caplin & Drysdale, Chartered*, apply to all applicable forfeiture statutes in the instant case as well.

original/Superseding Indictment because these properties are alleged to have been proceeds of, as well as utilized to facilitate, the criminal conduct listed in the original and Superseding Indictment. In other words, the net proceeds of the interlocutory sales of the real properties are tainted funds forfeitable to the United States pending convictions on the underlying criminal charges.  Similar to the aforementioned robbery example utilized by the Supreme Court in *Caplin & Drysdale, Chartered*, the Defendants in the instant case should not be able to utilize the net proceeds from the interlocutory sale of assets that are alleged to be proceeds of—and used to facilitate—sex trafficking of minors, maintaining a drug premises, labor trafficking by peonage, harboring aliens, transporting aliens, and defrauding the United States by fraud and misuse of visas, permits, and other documents.

Moreover, in the event Defendant(s) are acquitted in the underlying criminal case, the net proceeds of the interlocutory sale(s) will be returned to the applicable Defendant(s).  Accordingly, Movant has access to additional funds in the event the Defendant(s) are acquitted of the underlying federal criminal case.  The Court in *Caplin & Drysdale, Chartered*, addressed this stating,

> The forfeiture statute does not prevent a defendant who has nonforfeitable assets from retaining any attorney of his choosing.  Nor is it necessarily the case that a defendant who possesses nothing but assets the Government seeks to have forfeited will be prevented from retaining counsel of choice.  Defendants like Reckmeyer may be able to find lawyers willing to represent them, hoping that their fees will be paid in the event of acquittal, or via some other means that a defendant might come by in the future.  The burden placed on defendants by the forfeiture law is therefore a limited one.

491 U.S. at 625.

Therefore, pursuant to the Supreme Court's rulings in *Monsanto* and *Caplin & Drysdale, Chartered*, this court should deny Movant's motion requesting enforcement of the attorney lien on the net proceeds of the interlocutory sales of the properties included in the forfeiture allegation.

    **b. Regardless, Movant has Not Met His Burden In Satisfying the *Jones-Farmer* Test[6]**

Generally speaking, in determining whether a post-restraint, pretrial hearing is warranted regarding releasing forfeitable assets to pay attorney's fees, most jurisdictions follow the *Jones-Farmer* test.

> Under the so-called *Jones-Farmer* test, a defendant is entitled to a post-restraint, pretrial hearing only if (1) [ ]he shows "to the court's satisfaction that [ ]he has no assets, other than those restrained, with which to retain private counsel or provide for h[im]self and h[is] family," and (2) [ ]he "make[s] a prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets" would be subject to forfeiture if the defendant were convicted.

*United States v. Mueller*, 2008 WL 2890258 at *1 (D. Minn. July 18, 2008) (citing *United States v. Jones*, 160 F.3d 641, 647 (10th Cir. 1998); *United States v. Farmer*, 274 F.3d 800, 804-06 (4th Cir. 2001); *see also United States v. Lewis*, 2006 WL 1579855 at *9 (D. Minn. June 1, 2006).

Here, Movant has failed to establish either of these two requirements.[7]  Accordingly, the Court should deny Movant's motion to adjudicate and enforce his Attorney's lien.

  **C. Movant's Request for Ancillary Proceedings is Premature**

"The statutory scheme governing criminal forfeiture proceedings affords third-party

---

[6] As a threshold matter, this analysis appears to apply to criminal defendants seeking funds to pay for their criminal defense attorneys—as opposed to the instant case where criminal defendants are seeking funds to pay for non-criminal defense attorney's fees.  The Government asserts this unique posture further supports the position that Movant is not entitled to attorney's fees.

[7] The Government notes that Ketankumar Chaudhari and Rashmi Samani are both represented by retained counsel in their underlying criminal case in addition to retaining Movant on behalf of the Business for the interlocutory sales.  *See Docket*: *United States v. Ketankumar Chaudhari et al*, 4:25-cr-3071.  The district court in *Lewis* noted that at the motion hearing, the defendant was represented by three attorneys—which indicated to the court that "if she has the means to hire an attorney independently of the restrained assets, she does not have a 'private interest' in obtaining a pre-trial hearing on the validity of the restraining order."  2006 WL 1579855 at *9.

claimants only one avenue for asserting interests in property allegedly subject to forfeiture: an ancillary proceeding held *after the entry of a preliminary order of forfeiture in a criminal case.*" *United States v. Ponce*, 2016 WL 8716607 at *3 (D. Neb. July 27, 2016) (emphasis added); citing (*United States v. Cone*, 627 F.3d 1356, 1357 (11th Cir. 2010) ("Section 853 affirmatively bars interference [in a criminal case involving a forfeiture component] by non-party petitioners outside of the ancillary proceeding described in Section 853(n) and in Federal Rule of Criminal Procedure 32.2(c).")).  Indeed, Federal Rule of Criminal Procedure Rule 32.2(b)(2)(a) states,

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Here, the case has not progressed enough yet to where the court could make a determination regarding whether property listed in the forfeiture allegation—to include the net proceeds deriving from any interlocutory sale of the real properties—is subject to forfeiture.  Accordingly, the court is not able to enter a preliminary order of forfeiture in the underlying criminal case.  Therefore, non-party petitioners—including the Movant—are effectively barred from interfering in the criminal case until the court files the aforementioned preliminary order of forfeiture whereby third-parties may then file their claim(s).  At that point in the criminal case progression, Movant's claim may be addressed.  Until then however, the court should deny Movant's Motion to Adjudicate and Enforce Attorney's Lien.

## V.    CONCLUSION

For the aforementioned reasons, the United States respectfully requests that this Court

deny Movant's Motion to Adjudicate and Enforce Attorney's Lien.  (Filing No. 225).


UNITED STATES OF AMERICA,
Plaintiff

LESLEY A. WOODS
United States Attorney
District of Nebraska

By:     s/ Mikala Purdy-Steenholdt
MIKALA PURDY-STEENHOLDT
(NY#5112289)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE  68102-1506
Tel:  (402) 661-3700
Fax:  (402) 345-5724
E-mail: Mikala.Purdy-Steenholdt@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026, I electronically filed the foregoing with the Clerk
of the Court using the CM/ECF system which sent notification of such filing to the parties
associated with this case.

s/ Mikala Purdy-Steenholdt
MIKALA PURDY-STEENHOLDT
Assistant U.S. Attorney