IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | **4:25CR3071** |
| vs. | |
| | **ORDER** |
| KETANKUMAR CHAUDHARI, et al. Defendants. | |

Before the Court is Movant Damilola J. Oluyole of Yole Law's Motion to Adjudicate and Enforce Attorney's Lien. Filing No. 225. Movant requests the Court enter an order enforcing an attorney's lien for Movant's services related to the interlocutory sale of certain property that is subject to forfeiture in this matter. Movant requests the Court order his fees and expenses be paid from the proceeds of the interlocutory sales and before any distribution to the United States or Defendant. Movant also requests leave to intervene for the limited matter of having his attorney lien adjudicated should the Court find formal party status is necessary. For the reasons set forth herein, the Court denies the motion without prejudice.

## BACKGROUND

On August 19, 2025 an Indictment was filed against numerous defendants, two of whom were Ketankumar Chaudhari ("Ketankumar") and Rashmi Samani ("Rashmi"). Filing No. 67. A forfeiture count was included in this Indictment and included the following real properties, among other items: 9305 S. 145th Street,

1

Omaha, Nebraska 68138 ("145th Street Property"); 10728 L Street, Omaha, Nebraska 68127 ("L Street Property"); 1110 Fork Crook Road S., Bellevue, Nebraska 68005 ("Fork Crook Road Property"); 2920 South 13th Court, Omaha, Nebraska 68108 ("13th Court Property"); 2306 N. 182nd Avenue, Elkhorn, Nebraska 68022 ("182nd Avenue Property"); and 10340 S. 164th Street, Omaha, Nebraska 68136 ("164th Property"). Filing No. 1[1].

Joint motions for the interlocutory sale of certain property were filed on December 2, 2025. Filing Nos. 148-151.[2] These motions related to the sale of the 145th Street Property, the L Street Property, the Fork Crook Road Property, and the 13th Court Property. The motions indicated the 145th Street Property was owned by Maharaj Bapa, LLC; the L Street Property was owned by Bapa Majaraj, LLC; the Fork Crook Road Property was owned by Bapaji Maharah, LLC; and the 13th Court Property was owned by Jay Maharaj, LLC. Ketankumar and Rashmi are the sole members of the aforementioned LLCs. The Court granted these motions. Filing Nos. 155-158.

Simultaneously filed were joint motions for the interlocutory sale of property relating to the sales of the 182nd Street Property and 164th Street Property— Ketankumar and Rashmi's home and land. Filing Nos. 152-153. The 164th Street Property indicated it was owned by Ketankumar B. Chaudhari and Rashmi Samani, Trustees of the Ketankumar B. Chaudhari and Rashmi Samani Living Trust. The 182nd Street Property was owned by Ketankumar and Rashmi. Neither the 182nd Street Property motion nor the 164th Street Property motion mention any

---

[1] These properties remained in the forfeiture count of the Superseding Indictment filed on February 18, 2026. Filing No. 181

[2] Motions for Interlocutory Sale of the same property were previously filed and granted by the Court on November 21, 2025. *See* Filing Nos. 117-120; 122-126. Outside of adding signature blocks to the motion, the motions and amended motions are identical and the orders are identical.

payment of legal fees. Nevertheless, according to Movant, he received payments for fees and expenses related to these properties. Filing No. 225 at 7.

Four of the remaining motions delineated certain amounts that would be paid to Premier Bank, the beneficiary of deeds of trust on these properties, from the gross proceeds of the sale, including "Legal Fees not to exceed $10,000" (per property). Filing No. 148, 149, 150, 151.

Movant is listed as the seller's agent and signed off on all of these motions on behalf of Ketankumar and Rashmi. The remainder of net proceeds, after amounts paid out pursuant to the motion, was to be deposited into an interest-bearing account controlled by the United States Marshals Service. The Court granted the motions and authorized an interlocutory sale of these properties "as set forth in the joint motion" and ordered the "net proceeds resulting from such sale[s] shall be deposited in an interest-bearing account controlled by the United States Marshals Service as set forth in the joint motion." Filing Nos. 155-160.

The Indictment and Superseding Indictment also listed the following vehicles as subject to forfeiture: 2024 Cadillac Escalade (VIN: 1GYS4FKL6RR275737); 2022 Ford F-150 (VIN: 1FTFW1E86NKD21954); 2019 Land Rover Range Rover (VIN: SALYL2EX1KA210060); 2021 Honda Odyssey (VIN: 5FNRL6H72MB009647); 2025 Nissan Pathfinder (VIN: 5N1DR3DJ2SC201911); and 2024 Honda CRV (VIN: 7FARS6H87RE062643). Filing Nos. 1, 181. A joint motion for the sale of these vehicles was filed on January 29, 2026. Filing No. 173. This motion is signed by Movant and requests "the net proceeds resulting from [the sale of the vehicles] to be deposited in an interest-bearing account controlled by the United States Marshals Service." There is no mention in this motion of any monies to be paid out of the proceeds of the vehicle sales to anyone but the Marshals Service. The order granting this motion indicated "[t]he net proceeds resulting from such sale shall be deposited in an interest-bearing account

controlled by the United States Marshals Service as set forth in the joint motion."
Filing No. 174.

## ANALYSIS

Movant requests the Court pay him out of the proceeds from the interlocutory sales of certain properties which have been identified in the forfeiture counts of both the Indictment and Superseding Indictment. At this time, the undersigned finds the motion to be premature.

The undersigned notes some preliminary matters that are of consequence when considering this motion. First, it appears Movant was employed by the businesses—solely owned by Ketankumar and Rashmi—to perform the services at hand. Though the services provided by Movant resulted in earned funds, any monies owed to Movant is likely governed by any agreement he entered with the businesses. Second, Movant was a signatory to all motions for interlocutory sale. None of these motions, or the orders on the motions, indicate that reasonable legal costs will be paid specifically to him out of the sale proceeds. And finally, there is no doubt that Movant knew the property was subject to forfeiture when he filed the motions making his claims to the proceeds open to debate.[3] Even so, the Court considers Movant's request in accordance with the governing procedures.

Though Movant argues otherwise, the Court finds this matter is governed by 21 U.S.C. § 853(k) and Fed. R. Crim. P. 32.2. As a third party, this statute and rule make clear that any claim Movant may have is premature. Section 853(k) (bar on intervention) explicitly provides:

---

[3] *See generally United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007) (explaining why the criminal defense attorney's interest did not meet either of the requirements necessary to prevail at an ancillary hearing).

4

> Except as provided in subsection (n),[4] no party claiming an interest in property subject to forfeiture under this section may –
>
> (1) Intervene in a trial . . . of a criminal case involving the forfeiture of such property under this section; or
>
> (2) Commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

Further, Rule 32.2(c) addresses a third party's claim in an ancillary proceeding which does not occur until after a preliminary order of forfeiture is entered. *See* Fed. R. Crim P. 32.2(c)(2) (referencing the amendment of the preliminary order of forfeiture after the conclusion of any ancillary proceedings and indicating the court "must" enter a final order of forfeiture when the ancillary proceeding ends); *see also United States v. Puig*, 419 F.3d 700, 703 (8th Cir. 2005) (finding that 21 U.S.C. § 853(k) requires a third party claimant to utilize the ancillary proceeding when asserting an interest in property identified in an indictment as subject to forfeiture); *United States v. Totaro*, 345 F.3d 989, 993–94 (8th Cir. 2003) (requiring a third party to utilize post-trial ancillary proceeding to claim an interest in forfeited property); *see also Sunrise Academy v. United States*, 791 F.Supp.2d 200, 204 (D.D.C. 2011) ("The statutory scheme governing criminal forfeiture proceedings thus affords third-party claimants only one avenue for asserting their interests in property allegedly subject to forfeiture: an ancillary proceeding held *after* the entry

---

[4] Section 853(n) provides that third party interests in forfeited property occur after the entry of an order of forfeiture. Specifically, § 853(n)(2) provides that "Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice . . ., whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property." *See also United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007) (setting forth the procedure by which third parties may assert their interest in forfeited property).

of a preliminary order of forfeiture in the criminal case"); *Libretti v. United States*, 516 U.S. 29, 44 (1995) ("Congress has determined that § 853(n) . . . provides the means by which third-party rights must be vindicated."); *United States v. Ponce*, No. 8:14CR155, 2016 WL 8716607, at *2 (D. Neb. July 27, 2016) ("The United States is authorized to begin the ancillary proceeding when the court enters its preliminary order of forfeiture.").

Movant argues he is not barred by the language of 853(k) because he: (1) is merely invoking this court's ancillary jurisdiction over the sale orders to determine the priority of an administrative expense of the sale and, further, (2) is not claiming ownership over the property, just requesting compensation for the work which resulted in the sale proceeds. These arguments, and the caselaw upon which Movant relies in support of this position (which is primarily unrelated to criminal forfeiture proceedings) are unpersuasive. The undersigned recognizes this situation is unique and the Court does not question that Movant provided valuable legal services. However, the novel posture of this case does not warrant a deviation from the procedure proscribed by law. The Court concludes any claim by Movant should be brought as is provided by 21 U.S.C. § 853(n).

Movant additionally argues that the language in the joint motions, and adopted by the Court's subsequent orders, permits the immediate payment of his attorney's fees. In support, Movant relies on 21 U.S.C. § 853(g) which allows for "[a]ny income accruing to or derived from property ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties." However, this section again contemplates payment[5]

---

[5] Movant represents he was paid for his work regarding other interlocutory sales of property and, as such, he should also be paid for his work regarding the sales of this property. He also states this Court approved payment of his fees. However, the undersigned can find no order, and Movant cites no order, in which this Court approved of the payment of Movant's legal fees.

after the entry of an order of forfeiture. 21 U.S.C. § 853(g) ("Upon entry of an order of forfeiture under this section, . .")). Thus, even if Movant's claims fall under this section, the motion is still premature.

Any determination as to how much, if any, money Movant is entitled via the proceeds of the interlocutory sales of the property is premature. Movant can reassert any interest he has in the proceeds in any ancillary proceedings relating to the forfeited property in this matter.

For the reasons set forth herein, Movant's motion is denied without prejudice.

IT IS SO ORDERED.

Dated this 20th day of May, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge