IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KETANKUMAR CHAUDHARI, a/k/a Ken,<br>RASHMI SAMANI, a/k/a Rashmi<br>AMIT P. CHAUDHARI,<br>AMIT B. CHAUDHARI, a/k/a Matt,<br>MAHESHKUMAR CHAUDHARI, a/k/a Mahesh,<br>HINABEN CHAUDHARI, and<br>JAYESHKUMAR CHAUDHARI,<br><br>Defendants. | 4:25CR3071<br><br>GOVERNMENT'S RESPONSE TO PREMIER BANK'S MOTIONS TO DISMISS PROPERTY FROM THE COURT'S ORDERS ON JOINT MOTION FOR INTERLOCUTORY SALE OF SUBJECT PROPERTIES |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files it's response to Premier Bank's ("Movant") motions to dismiss properties from the Order on Joint Motion For Interlocutory Sale (Filing No. 301, Filing No. 302) requesting this Court deny Movant's motions.

## I. INTRODUCTION

On August 19, 2025, the Government filed a criminal Indictment in the instant case. (Filing No. 67). The Government included a forfeiture allegation in the Indictment which listed several items subject to forfeiture, including *inter alia* the two properties at issue in the instant motions: (1) 1110 Fort Crook Road S., Bellevue, Nebraska 68005; and (2) 2920 S. 13th Court, Omaha, Nebraska, 68108 (the "Subject Properties"). *Id*. The Indictment alleges criminal activity connected to 1110 Fort Crook Road S., Bellevue, Nebraska occurred as early as March 9, 2023. *Id*. The Indictment alleges criminal activity connected to 2920 S. 13th Court, Omaha, Nebraska, 68108 occurred as early as June 15, 2023. *Id*. The Government filed a *lis pendens* on

the Subject Properties shortly thereafter. *See* Filing No. 118, Filing No. 119.

This Court granted the parties' joint motions for interlocutory sales of the Subject Properties on November 10, 2025. (Filing No. 124, Filing No. 125).

The Government filed a Superseding Indictment on or about February 18, 2026, which again included a forfeiture allegation that listed *inter alia* the Subject Properties. (Filing No. 181).

The Movant has not provided evidence regarding alleged start date(s) of any foreclosure actions against the Subject Properties. *See* Filing Nos. 301, 302.

## II. LAW & ANALYSIS

Movant is requesting this Court dismiss the properties located at: (1) 1110 Fort Crook Road S., Bellevue, Nebraska 68005; and (2) 2920 S. 13th Court, Omaha, Nebraska, 68108, from the Orders on the Joint Motions for Interlocutory Sales (filing nos. 124, 125) and to release the *lis pendens* on said properties because Movant wants to proceed with foreclosure actions against both properties. (Filing No. 301, Filing No. 302). Movant makes this request without citing legal authority to support such a request. Rather, the Movant cites financial loss during the time the Subject Properties have been on the market as the basis for this request. For the reasons discussed below, the Government requests this Court deny Movant's motions.

### 1. *Foreclosure Actions Are Invalid Against Properties Subject to Criminal Forfeiture*

21 U.S.C. § 853(k) provides as follows:

> **(k) BAR ON INTERVENTION**
>
> Except as provided in subsection (n)[1], no party claiming an interest in property subject to forfeiture under this section may—
>
> **(1)** Intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or

[1] Subsection (n) permits third parties to assert their interest(s) in a property subject to forfeiture and provides the procedure for doing so under this subsection. *See* 21 U.S.C. § 853(n).

> **(2)** Commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

Various courts around the country have determined that foreclosure sales constitute "an action at law or equity against the United States" in violation of 21 U.S.C. § 853(k). *See e.g. United States v. MacInnes*, 223 Fed. Appx. 549, 553-54 (9th Cir. 2007) (citing *United States v. Phillips*, 185 F.3d 183, 188 (4th Cir. 1999)); *United States v. Garcia*, 2025 WL 182628 at *2-*3 (E.D.T.N. July 2, 2025) ("A foreclosure action constitutes 'an action at law or equity against the United States' because under the relation-back clause, the United States's interest in forfeited property attaches at the time of the criminal activity giving rise to the forfeiture. Therefore, § 853(k) bars a secured creditor from seeking foreclosure as a means of asserting its interest in criminally forfeited property.") (internal citations omitted); *United States v. Dezfooli*, 2025 WL 4150753 at * (D. NV, Sept. 10, 2024) (holding an HOA's default proceedings and foreclosure sale violated 21 U.S.C. § 853(k) as the property in question was forfeitable property upon the filing of a criminal indictment).

Here, the United States filed an Indictment and Superseding Indictment containing a forfeiture allegation which lists *inter alia* the Subject Properties. (Filing No. 67, Filing No. 181). Under the relation-back doctrine, the United States's interest in the Subject Properties date back to the time the criminal activity giving rise to the forfeiture. *See United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007) ("Under the relation-back doctrine, title to the forfeited property vests in the United States at the time of the defendant's criminal act.") Here, the Indictment and Superseding Indictment allege the criminal activity connected to the Subject Properties began as early as March 9, 2023,

and June 15, 2023, respectively. (Filing No. 67, Filing No. 181). The Movant has not provided evidence regarding alleged start date(s) of foreclosure actions against the Subject Properties. *See* Filing No. 301, Filing No. 302. Therefore, in light of the relation-back doctrine, the United States's interest in the properties are superior.

Accordingly, for the reasons discussed above, Movant's motions to dismiss the Subject Properties from the Order on the Joint Motion for Interlocutory Sale and to release the *lis pendens* against the Subject Properties so that the Movant can proceed with foreclosure actions should be denied because: (1) foreclosure is prohibited by 21 U.S.C. § 853(k) as "an action at law or equity against the United States"; and (2) under the relation-back doctrine, the United States's claim to the assets is superior to the Movant's.

## III. CONCLUSION

For the aforementioned reasons, the United States respectfully requests that this Court deny Movant's motions to dismiss properties from the Order on Joint Motion For Interlocutory Sale. (Filing No. 301, Filing No. 302).

UNITED STATES OF AMERICA,
Plaintiff

LESLEY A. WOODS
United States Attorney
District of Nebraska

By: s/ Mikala Purdy-Steenholdt
MIKALA PURDY-STEENHOLDT
(NY#5112289)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Tel: (402) 661-3700
E-mail: Mikala.Purdy-Steenholdt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the parties associated with this case.

s/ Mikala Purdy-Steenholdt
MIKALA PURDY-STEENHOLDT
Assistant U.S. Attorney